IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DAVID CHARLES SUSSMAN,**

       **Petitioner,**

v.                               Case No.  4:14cv682-MW/CAS

**FLORIDA DEPARTMENT
OF CORRECTIONS,**

       **Respondent.**

_____

## ORDER CLOSING THE FILE

Plaintiff has filed a Notice of Voluntary Dismissal without Prejudice. ECF No. 4.  As the report and recommendation, ECF No. 5, correctly notes, inasmuch as Defendant has not filed an answer or responsive pleading, the notice effectively dismisses the action without an order from the Court.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i); *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012).[1]  No further order is necessary save to close the file.

---

[1] The magistrate judge's advisement to Petitioner is seconded here.  A dismissal without prejudice does not preclude a determination that a later-filed § 2254 petition is untimely or otherwise procedurally barred.  Section 2244(d) establishes a one-year period of limitation for habeas corpus petitions challenging state-court judgments.  The one-year period normally runs from the date upon which the conviction became final.  *See* § 2244(d)(1).  The time during which a "properly filed" application for state postconviction or other collateral review is pending is not counted toward the limitations period.  *See* § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4 (2000).  The pendency of a federal habeas proceeding does not toll the one-year limitations period.  *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (construing 28 U.S.C. § 2244(d)(2)).

Accordingly, the Clerk shall close the file.

**SO ORDERED on January 29, 2015.**

<u>s/Mark E. Walker</u>
**United States District Judge**
